Good morning. My name is Karen Lindholt. I am here representing the appellant, Mr. Sean Willis. Mr. Willis was charged and convicted of being a felon in possession of a firearm, and the jury added an additional enhancement for using that firearm in connection with a gun. The two issues presented for review are one, did the district court err in admitting as evidence several transcripts of telephone calls made from Mr. Willis from the Airway Heights Correctional Facility under Federal Rules of Evidence 403, and did the district court err in admitting evidence of other bad acts, specifically vehicle thefts, alleged vehicle thefts, and an assault that Mr. Willis had committed. Mr. Willis committed upon a witness, Lori Castorina, under 404B. The standard of review for this court is whether or not the district court abused its discretion. With respect to the issue of the transcripts, the court admitted five transcripts from four different dates with a total of 21 pages. In some, these transcripts are cumulative and more prejudicial than probative. I would like to refer the Court to a few of the statements in the excerpts of record from the appellant's excerpts of record, page 145. I will give a few examples of some of the statements that are beyond prejudicial. Admittedly, it was a foolish thing for this client to do to make these calls, and the government was able to get them into evidence. But aside from being the use of obscene language and discussion that demonstrates my client used drugs, hung out with drug users and people who had been in trouble with the law, the fact is he was only being tried as being a felon in possession of a firearm. He stipulated to the fact that he was a felon, therefore, it was not necessary for the government to prove the details. On page 145, for example, line 30, SW, Sean Willis, makes a statement, because that, that's just like the motorcycle and all that shit, you know what I mean? And then the witness responds, no shit, and you know what, that would have been if they charged you with that. That would have been so easy to prove, because I would have gone up in there and said that that thing showed up at her house when she was in jail. Then Sean Willis, the defendant, says, yeah. And then Lori Castorina says, because I remember when that showed up at her house, you can't miss a motorcycle straight up in her fucking dining room and shit, you know? How are you going to miss that? You were in jail when it arrived. The point is, this, this, these conversations are just laced with obscenities, just laced with obscenities. But, again. But does that mean you get a pass if you talk dirty enough? No. No, it's not the, it's not the obscenities. I don't mean to offend by repeating them. It's the substance. There's a discussion here by the witness about a stolen motorcycle that showed up at the witness's house. Again, it's certainly prejudicial, and it's not relevant to whether or not my client was in possession of a firearm. Moving on to page 145. So, again, I don't want to overstate. The point is, obscenities were used. But that, in and of itself, is not a basis. It's a substance of the comments. Turning to page 152 of the excerpts of record. Again, this gets into this discussion of this alleged car being stolen by my client from this Ms. Castorina. And, oh, page 152 of the excerpts of record. And on the bottom, 1 of 24, it states, SW, we'll fix. We'll fix all that. LC, I want a new car. That's what I want. SW, we'll fix all that. Something. LC, because fuck yeah, ha. SW, we'll fix something. LC, you best be. Going on, she continues, she says, because you scare me. Because I was so nice to you, and you did that to me. So, what we're getting into here is a car. Now, all of a sudden, we have a car, and the fact that my client scared, allegedly, this Ms. Castorina based upon a prior incident. And that was the second part of the appeal. And that is, again, this discussion of the car. Again, completely irrelevant and completely prejudicial that he apparently may have taken her car with respect to this firearm charge. So, anyway, I could continue to go through. The bottom line is there are 21 pages. I mean, certainly one or two, one or two days could have sufficed. But instead, there are 21 pages here that do get into many different issues. I'm now going to, excuse me, I just summarized quickly for the Court that the law in the circuit is that major function of Federal Rule of Evidence 403 is limited to excluding matter of scant or cumulative probative force dragged in by the heels for the sake of its prejudicial effect. And that's what I would suggest some of these transcripts include. With respect to the 404B prior bad act, this sort of folds into the prior issue, and that is the testimony provided by government witness Lori Castorina. In the appellee's excerpts of record, Ms. Castorina's testimony begins on page 214 and continues through 260, approximately 280. It's during that testimony that, although the defendant made a motion to exclude any reference to the fact that he had allegedly taken Ms. Castorina's car on previous occasions, the court, the lower court, overruled that. And Ms. Castorina did testify to the fact that Mr. Willis had allegedly taken her car on numerous occasions, as well as held her at gunpoint, allegedly, during one of those. But specifically, it is mentioned by Ms. Castorina that Mr. Willis took her car, stole her car, at least two occasions. And that is mentioned on page 165, Ms. Castorina stated that Mr. Willis had stolen her car twice. Again, very prejudicial, not an appropriate prior bad act on this particular charge of being a felon in possession of a firearm. It's my client's position that he was convicted here because of what he had done in the past and not because of what he had done in this case. And that's primarily what I have prepared. I could continue to go on and point out specifics, but I imagine the Court has read them. So I'm going to leave it there. Good morning, Your Honors. May it please the Court, Russ Smoot, on behalf of Mr. Ahmed, who is trial counsel, as well as brief counsel. I just wanted to respond to a couple things that were mentioned. First, just to clarify, in this case, what was admitted were recordings. And during the playings of these recordings, transcripts were used in aid, to aid the jury. And I would note that on page 227 of the excerpts of record, the Court clearly says that, ladies and gentlemen of the jury, it is just a transcript. What you hear is the evidence. The transcript is not evidence, and the transcripts are just an aid for the jury and will not go to the jury room, which was, I believe, the case, as well as the instruction with each recording that was added. So concerning being cumulative, I think the transcript issue is really not an issue. But what is issue is the recordings. And the government's position is that the Court correctly exercised its discretion in admitting these recordings, because while they are prejudicial, the appropriate value of proving knowledge and guilty knowledge on the part of the defendant far outweighed that. The other thing. I'm sorry. Proving guilty knowledge of what? Well, this is a case where the defendant was charged with possession of a gun, of a firearm. And he made admissions during these calls concerning a number of different types of admissions. Well, you're saying it was relevant to proving possession, right? The guilty knowledge of what? Well, the Court indicated that attempting to influence witnesses and basically he's admitting guilt of the possession. And that was what the government was attempting to prove. I think the term guilty knowledge basically came from the Court's ruling on the admission of the tapes. I would just also point out that the defendant was concerned about the mentioning of or evidence concerning the defendant stealing a witness's car twice. And I would indicate that the district court's ruling was that the witness could, in fact, mention the stealing of the car on direct. It would not. The government was not provided the opportunity to present any corroborating evidence from law enforcement on that. And that Ms. Castorina's statements concerning that would be certainly open to cross-examination, but no corroboration from the government. I would also note that during direct it was mentioned once very briefly, but the statement concerning the defendant stealing the defendant's car twice and the other statement from the witness about her car being stolen multiple times came on cross-examination rather than evidence or testimony being presented by the government. It seemed that obviously it would be easy to edit the transcripts, but it would be much harder to edit the tapes themselves given the frequency of the profane language. I mean, on the other hand, one thing that would have been quite easy to edit out would have been the identification of these tapes being from the prison or that little blurb that says, you know, they're calling, this is quest and we're calling collect. Why was that left in? I guess I'm not exactly sure. My review of, you know, the argument and the motion as well is that it was really important to the fact that the authentication of these tapes and as to where they had come from, I think the argument. The jury? But that's really an evidentiary question for the judge to hear. Yes, this is from Airways Heights Prison, da-da-da-da-da, okay, now they're authenticated. But my question is really for the jury. It seems that that's somewhat inflammatory to say that these phone calls are coming from the prison as opposed to just that they're coming from the individual. I guess my answer is I'm not exactly sure why the court didn't ask for that to be edited out. I think part of it is the fact that these calls came shortly after the incident, which the charge was, and I think that under the circumstances, it's a case to where there's testimony that the defendant was certainly, that they came to the incident, the defendant was arrested. I think that there was some testimony concerning being on probation and the Department of Corrections hold on him. I think that in the course of all the evidence that was presented concerning the context of these tapes, that the court, I guess I'm speculating. Do we know there was other evidence that he was in prison? Well, I believe, I guess what I would say concerning that other evidence would just simply be the fact that evidence of the defendant being arrested or the officers coming to the scene. I know that there was a stipulation to being a convicted felon concerning these charges. Any more than that, again, I'm kind of getting into the realm of speculation as to why the court did what it did or didn't do what it did. I think the bottom line is that the government feels that this is a case to where these recordings are really not much different than an undercover recording of a defendant during a controlled drug transaction. I mean, the defendant or the suspect or whoever it is at the time puts themselves out there. If they're going to use profanity, then so be it. As the court said, it is what it is in this case. If they're going to discuss their own culpability, then that's the risk that they take. Here was a case where the defendant was making calls to a third party unrelated to law enforcement, making admissions concerning firearms, which typically went to the offense, and making admissions concerning contriving a defense as well as influencing the victim witness not to testify against him or not to press charges. Absolutely, this is prejudicial evidence. I think it goes without saying that the government seeks to present prejudicial evidence. But in this case, it was very probative to the issues of the case, the elements of the charge, the probative nature of it outweighed the prejudicial effect. Unless the court has any further questions, the government would simply request the court to uphold the district court's discretionary decisions and affirm the conviction. Thank you, counsel. Thank you. If there's no rebuttal, the case will be submitted.
judges: Reinhardt, McKeown, Clifton